Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000681
02-JUN-2014
11:04 AM

NO. CAAP-14-0000681

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PEER NEWS LLC, dba CIVIL BEAT,
Plaintiff-Appellee,
v.
CITY AND COUNTY OF HONOLULU and
HONOLULU POLICE DEPARTMENT,
Defendants-Appellees,
and
STATE OF HAWAI'I ORGANIZATION OF POLICE OFFICERS,
Intervenor-Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2981)

ORDER
(1) DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION;
AND
(2) ORDER DENYING MOTION FOR STAY AS MOOT
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record in CAAP-14-0000681, it appears that we lack appellate jurisdiction over the appeal by Intervenor-Defendant-Appellant State of Hawai'i Organization of Police Officers (SHOPO), from the Order Granting Plaintiff's Motion for Summary Judgment (Filed December 17, 2013), filed on March 27, 2014.

On March 27, 2014, the circuit court entered an Order Granting Plaintiff's Motion for Summary Judgment (Filed December 17, 2013). The order explained the circuit court's rationale for granting the motion for summary judgment by Plaintiff-Appellee Peer News LLC, dba Civil Beat (Civil Beat). However, the order was not certified, pursuant to Hawai'i Rules of Civil Procedures (HRCP) Rule 54(b), and the record on appeal does not contain a judgment on the Order Granting Plaintiff's Motion for Summary Judgment (Filed December 17, 2013).

On March 28, 2014, SHOPO filed a Notice of Appeal from the Order Granting Plaintiff's Motion for Summary Judgment (Filed December 17, 2013). On May 22, 2014, SHOPO filed a Motion for Stay Upon Appeal with this court.

HRS § 641-1(a) (Supp. 2013) authorizes appeals to the intermediate court of appeals from "final judgments, orders, or decrees[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58, HRCP requires that "[e]very judgment shall be set forth on a separate document."

An order granting summary judgment is not a judgment within the meaning of HRCP Rule 58. M. F. Williams, Inc. v. City and County of Honolulu, 3 Haw. App. 319, 322-23, 650 P.2d 599, 601-02 (1982).

Under HRCP Rule 58, the supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Alford v. City and County of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) ("[A]n order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." (Citation omitted; emphasis added)).

-2-

The Order Granting Plaintiff's Motion for Summary Judgment (Filed December 17, 2013) is also not certified as an appealable interlocutory order, pursuant to HRCP Rule 54(b). The finding necessary for certification under HRCP Rule 54(b) is "an express determination that there is no just reason for delay . . . for the entry of judgment." HRCP Rule 54(b). "[A] party cannot appeal from a circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

The Order Granting Plaintiff's Motion for Summary Judgment (Filed December 17, 2013) does not contain the required HRCP Rule 54(b) language that "there is no just reason for delay . . . for the entry of judgment," and was not entered in favor and against any party. Thus, it is not appealable pursuant to HRCP Rule 54(b).

There is also no separate judgment in the record on appeal. Therefore, even if the order was property certified, it is not appealable for lack of a separate judgment.

Absent an appealable final judgment in this case, this appeal is premature, and the intermediate court of appeals lacks appellate jurisdiction. When the intermediate court of appeals determines that it lacks jurisdiction, the only appropriate remedy is dismissal of the appellate case:

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. and Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and

-3-

ellipsis points omitted; emphasis added); <u>Peterson v. Hawaii Electric Light Company, Inc.</u>, 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); <u>Pele Defense Fund v. Puna Geothermal Venture</u>, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994).

Therefore, IT IS HEREBY ORDERED that appeal No. CAAP-13-0003147 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that the Motion for Stay, filed by SHOPO, on May 22, 2014 is dismissed as moot.

DATED: Honolulu, Hawai'i, June 2, 2014.

Presiding Judge

Associate Judge

Associate Judge

-4-